**UNITED STATES**

v.

**Airman Basic James W. CORNELL, Jr.,
FR 416–04–3875, United States
Air Force.**

**ACM S26558.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 28 Aug. 1984.

Decided 6 Dec. 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major William H. Lamb.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert.

Before CANELLOS, MURDOCK and CARPARELLI, Appellate Military Judges.

**DECISION**

CARPARELLI, Judge:

Consistent with his plea, the accused was convicted of escape from confinement. The facts indicate that the accused had been confined as the result of a previous court-martial. In May 1984 his confinement status was changed from medium custody to minimum custody. Pursuant to Air Force Regulation 125–18, 1 February 1980, paragraph 2–10c, prisoners in this status are permitted to work with nominal supervision. They may go to and from work or authorized appointments without escort. On 1 June 1984 the accused was permitted to leave the confinement facility unescorted for the purpose of going to the gymnasium. Instead of going to the gym, however, he intentionally left the base. Approximately four hours later he was apprehended on a state highway leading away from the base.

The offense of escape from confinement was discussed in the Manual for Courts-Martial, 1969 (Rev.) at paragraph 174c. According to that paragraph, an escape requires a "casting off of the restraint of confinement, before being set at liberty by proper authority, ...." The Manual also stated that "lack of effectiveness of the physical restraint imposed is immaterial to the issue of guilt." *

In *United States v. Hodge*, 50 C.M.R. 445, 448 (A.F.C.M.R.1975), we held:

> For an accused to be convicted of escape from confinement, it is essential, as we have seen, that it be proven that he was under physical restraint. The essential physical restraint may obtain outside as well as inside a confinement facility by utilization of a device or a guard. For an accused to be considered under the physical restraint of confinement outside a confinement facility while under the control of a guard, it must appear that the

---

\* The language in Part IV, paragraph 19c(4)(c) of the 1984 Manual for Courts-Martial is nearly identical. The latter phrase, however, has been revised. It now reads "lack of effectiveness of *the restraint* imposed is immaterial."

guard has the means and the duty to use those means to resist or oppose any unauthorized departure by the accused. It is sufficient if the means consists only of the guard's physical prowess and the degree of effectiveness of those means is immaterial.

In a case in which the accused escaped while in a lawful confinement status, the Court of Military Appeals has held that the presence of a guard "provided the essential element of physical restraint." *United States v. Felty*, 12 M.J. 438, 441 (C.M.A. 1982).

In *United States v. Maslanich*, 13 M.J. 611 (A.F.C.M.R.1982), *pet. denied*, 14 M.J. 236, however, we determined that sufficient "restraint of confinement" had been established because the prisoner was in lawful confinement status and had not been released by anyone duly authorized to do so. Citing *Hodge, supra*, we reiterated that the effectiveness of such restraint is immaterial. *Maslanich*, 13 M.J. at 614. To the extent that Air Force cases held to the contrary they were expressly overruled.

We find that the accused admitted that he was in lawful confinement status and that, before being released by proper authority, he completely cast off the restraint of his confinement by leaving Moody Air Force Base. His plea of guilty to escape from confinement was therefore provident. A contrary holding would ignore the fact that restraint of physical liberty is intrinsic in the status of confinement. Such a holding would make the prescribed physical limits of confinement no more than a unit of assignment and it would impose upon a minimum custody prisoner who ignored those limits no greater consequence than if he had absented himself from his unit. We do not believe Congress intended such results.

The approved finding of guilty and sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

CANELLOS, Senior Judge, and MURDOCK, Judge, concur.